STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss.                                     CIVIL ACTION
                                                  Docket No. CV-07-292


MILTON D. BATES

              Petitioner
v.                                                DECISION AND ORDER

THE BOARD OF TRUSTEES,
MAINE STATE RETIREMENT SYSTEM,[1]

and

GAIL DRAKE WRIGHT, EXECUTIVE
DIRECTOR OF THE MAINE STATE
RETIREMENT SYSTEM,

and

THE MAINE DEPARTMENT OF INLAND
FISHERIES AND WILDLIFE

              Respondents


        Pursuant to M.R. Civ. P. 80C, the petitioner seeks judicial review of the

respondent Maine State Retirement System (the MSRS)'s final agency action. The MSRS

denied the petitioner's request to include his Department of Conservation (DOC)

service with his Department of Inland Fisheries and Wildlife (IF&W) service in

calculating his service retirement benefits. (R. at 1.4-1.6; 10.1; 23.1-23.7.) For the

following reasons, the decision of the MSRS is affirmed.

FACTS

        Petitioner began working for the State of Maine in December 1979, as a highway

maintenance worker in the Department of Transportation (DOT). (R. at 7.1.) In April

---

[1] Now known as the "Maine Public Employees Retirement System." See 5 M.R.S. § 17101(2) (2007).

1982, he began working as a forest ranger in the DOC. (Id.) In September 1995, he began working as a game warden in the IF&W. (Id.)

During his DOT employment, petitioner earned two years, three months, and 22 days of service credit as a member of a regular or "general" retirement plan. (R. at 23.4.) Upon beginning employment with the DOC, petitioner entered a "special" retirement plan (DOC Special Plan). (Id.) That plan provided for full benefits upon retirement after completing 25 years of service or reaching the age of 50, whichever is later. See 5 M.R.S. § 17851(8) (2007). Petitioner earned thirteen years, five months, and eighteen days of service credit during his employment with the DOC. (R. at 23.4.)

When petitioner began working at the IF&W in September 1995, he was incorrectly placed in the "Game Warden Special Plan," which allowed retirement after 20 years of service, regardless of age.[2] See id. at § 17851(5). In May 1999, the petitioner was reassigned to the "1998 Special Retirement Plan." See id. at § 17851-A(1)(B). Both the petitioner and the IF&W were refunded overpayments resulting from the plan assignment. (R. at 1.30.) As of March 25, 2006, the petitioner has earned ten years, six months, and twelve days of service credit in his employment with IF&W. (R. at 23.5.)

Pursuant to section 17851-A(1)(B),[3] the MSRS considers the petitioner to be a member of the "2002 Special Retirement Plan,"[4] which allows petitioner to retire after 25 years of service, regardless of age. See id. at § 17851(5-B). Although the petitioner will

---

[2] The error was noted in a memorandum, dated May 19, 1999, from a personnel officer at the IF&W to Nancy Ames, an employee of the MSRS. The officer stated in the memorandum that petitioner had been placed in the wrong retirement plan when he moved from the DOC to the IF&W, and recommended that petitioner's plan be changed to the "1998 Special Retirement Plan." (R. at 1.22.)

[3] The 1998 Special Retirement Plan, as modified in 2001, applied "[u]ntil September 1, 2002" to "law enforcement officers in the employment of the Department of Inland Fisheries and Wildlife on July 1, 1998, or hired thereafter." 5 M.R.S. § 17851-A(1)(B). Because the petitioner was in the employment of the IF&W on July 1, 1998, the 1998 Special Retirement Plan did not apply to him after September 1, 2002. The MSRS found that "[b]eginning on September 1, 2002," section 17851(5-B) (the 2002 Special Retirement Plan) became the applicable provision. (R. at 23.6.)

[4] The Board's decision also refers to this plan as the "Game Warden Special Plan." This decision will use the designation "2002 Special Retirement Plan" to avoid any unnecessary confusion.

2

not reach 25 years of service with the IF&W until September 25, 2020, the petitioner's service credit earned during his DOC employment combined with his IF&W credit totaled 25 years as of March 25, 2007. (R. at 23.5.) The petitioner's request to combine his DOC and IF&W service credit for the purposes of calculating his retirement benefits was denied by the Executive Director. (R at 1.4-1.6; 10.1.) Because the Board of Trustees (Board) found that the service benefits earned toward retirement in the two positions were not "substantially similar or equal," the Board affirmed the Executive Director's decision. (R. at 23.7); 5 M.R.S. § 17856.

STANDARD OF REVIEW

When the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, this court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. Centamore v. Dep't of Human Servs., 664 A.2d 369, 370 (Me. 1995). "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." Seider v. Bd. of Exam'rs of Psychologists, 2000 ME 206, ¶ 9, 762 A.2d 551, 555 (citing CWCO, Inc. v. Superintendent of Ins., 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261). The court will "not attempt to second-guess the agency on matters falling within its realm of expertise" and judicial review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." Imagineering, Inc. v. Superintendent of Ins., 593 A.2d 1050, 1053 (Me. 1991). "Inconsistent evidence will not render an agency decision unsupported." Seider, 2000 ME 206, ¶ 9, 762 A.2d at 555. The burden of proof rests with the party seeking to overturn the agency's decision, and that party must prove that no competent evidence supports the Board's decision. See Bischoff v. Bd. of Trs., 661 A.2d 167, 170 (Me. 1995).

When reviewing an agency's interpretation of a statute that is both administered by the agency and within the agency's expertise, the first inquiry is whether the statute is ambiguous or unambiguous. Competitive Energy Servs., LLC v. Pub. Utils. Comm'n, 2003 ME 12, ¶ 15, 818 A.2d 1039, 1046. If the statute is unambiguous, it is interpreted according to its plain language. Arsenault v. Sec'y of State, 2006 ME 111, ¶ 11, 905 A.2d 285, 288. If, instead, the statute is ambiguous, deference is given to the agency's interpretation if the interpretation is reasonable. Id.

DISCUSSION

Substantially Similar

Section 17856 provides that "[a]ny service retirement benefits earned by a law enforcement officer under this article which are substantially similar or equal are interchangeable." 5 M.R.S. § 17856. The petitioner argues that the Board erred as a matter of law in finding that the service credits the petitioner accrued as a forest ranger with the DOC were not "substantially similar or equal" to the credits he accrued as a game warden with the IF&W. (Pet. Br. at 5-8.)

The Board compared the plan established by section 17851(5-B) to the plan established under section 17851(8) and found that the absence of an age limit in section 17851(5-B) was "substantial." (R. at 23.6.) The parties agree that for purposes of evaluating whether service retirement benefits are "substantially similar," the proper comparison is between the "2002 Special Retirement Plan" and "DOC Special Plan." Compare 5 M.R.S. § 17851(5-B) with 5 M.R.S. § 17851(8); (Pet. Br. at 6; Resp't Br. at 5.) The petitioner argues that the Board placed undue weight on the difference between the DOC Special Plan's 50-year age qualification and the 2002 Special Retirement Plan's lack of an age qualification. (Pet. Br. at 7.) Instead, petitioner contends that the "25

4

years of credible service" requirement, which is the same under both plans, is the most crucial criteria. (Id.)

Essentially, the petitioner is seeking convert service credit with more restrictive requirements into service credit applicable to a less restrictive plan.[5] Applying the petitioner's service credit earned under the DOC Special Plan toward fulfillment of the 2002 Special Retirement Plan would effectively give greater value to the petitioner's DOC service credit by removing the age restriction. Although the statutory scheme in the retirement context is designed to "encourage qualified persons to seek public employment and to continue in public employment," this directive does not compel an interpretation yielding results to the employee's highest possible advantage. 5 M.R.S. § 17050; see Porter v. Maine State Ret. Sys., 609 A.2d 1146, 1150 (Me. 1992); (R. at 17.4.) The Board's emphasis on the age-qualification distinction in finding the service benefits not "substantially similar" was not error.

Plan Transfer

The petitioner also argues that the Board erred as a matter of law by refusing to consider whether transferring the petitioner from the "Game Warden Special Plan," 5 M.R.S. § 17851(5), to the "1998 Special Retirement Plan," id. at § 17851-A(1)(B), was

---

[5] The MSRS argues that it has "consistently interpreted § 17856 that, in order for service credit from a prior plan to be combined into a plan under which the member retires, the benefits from the prior plan must be at least equal to or better (less restrictive) than the benefits of the current plan." (Resp't. Br. at 7; Appeal of David McPherson, R. at 8.198-8.222; Hearing Officer's Report to the Board, R. at 17.2-17.12.) The fact that the MSRS admitted, during this litigation and seven months after the Board's decision, that at least one employee was allowed to aggregate credible time as a forest ranger with credible time as a game warden does not require a remand of the case. (Pet. R. Br. at 3 and attachment.)

without statutory authority.[6] *(Pet. Br. at 9.)* In reaching this conclusion, the petitioner reasons that amounts deducted from his paycheck and corresponding contributions by the State based on petitioner's membership in the Game Warden Special Plan became "accumulated contributions."[7] (Pet. Br. at 10); see 5 M.R.S. § 17001(1). "Accumulated contributions," petitioner argues, could only be refunded upon termination of service, and then only if in compliance with section 17705. See id. at § 17705 (repealed 2007). Because he had not retired, died, or terminated his service with IF&W, the petitioner argues his transfer to the 1998 Special Retirement Plan was without statutory authority. *(Pet. Br. at 10.)* Although petitioner acknowledges the Maine legislature's authority to enact modifications to the plan, he argues that absent such legislative modification he is entitled to remain on the Game Warden Special Plan for the duration of his "membership service."[8] *(Pet. Br. at 11)*; see Spiller v. State, 627 A.2d 513, 516-17 (Me. 1993),

Notwithstanding the legitimacy of petitioner's refund based on overpayment caused by the incorrect plan assignment, (R. at 1.30.), the petitioner's reliance on section

---

[6] The Board's decision does not appear to have accurately addressed this argument. The Board's decision states, "[a]ccording to the 1999 memorandum from IF&W to the System, Warden Bates was placed erroneously in the '1998 Special Retirement Plan' established by 5 M.R.S.A. §17851-A." (R. at 23.6.) This statement incorrectly describes the conclusion of the memorandum. The 1999 memorandum states that petitioner had been incorrectly placed in the "Game Warden Special Retirement Plan, which is the 20 Year Plan for wardens hired prior to September 1, 1984." 5 M.R.S. § 17851(5); (R. at 1.22.) The memorandum recommended that petitioner's retirement plan be changed to the 1998 Special Retirement Plan. (Id.) It appears that the Board's inaccurate factual premise led the Board to analyze whether petitioner's removal from the 1998 Special Retirement Plan was improper. Accordingly, the Board concluded that "[t]he plan for game wardens at the time Warden Bates joined the IF&W, which provided for full retirement benefits after 20 years of service regardless of age (the 1998 Special Retirement Plan) is now of no legal effect, and the question of whether he was assigned to the correct plan then is of no consequence to the issue presented." (R. at 23.6.) The petitioner's argument, however, is that he should have never been moved *from* the "Game Warden Special Plan, 5 M.R.S. § 17851(5), *to* the 1998 Special Retirement Plan, 5 M.R.S.A. §17851-A. (Pet. Br. at 9.)

[7] "'Accumulated contributions' means the sum of all the amounts contributed by the member or picked up by the employer from the compensation of a member and credited to the member's individual account in the Members' Contribution Fund, plus regular interest on the member's account . . . ." 5 M.R.S. § 17001(1).

[8] "'Membership service' means service rendered while a member of a retirement system on account of which contributions are made and for which credit is allowable . . . ." Id. at § 17001(21).

6

17705 to argue he was entitled to statement remain on the Game Warden Special plan until termination of service, death or retirement is misplaced. Section 17705 addresses the procedure for refunding accumulated contributions when "the service of any member has terminated . . . or if an optional member withdraws from the retirement system . . . ." 5 M.R.S. § 17705. Nothing in the plain language of this provision limits the MSRS's ability to transfer a member placed in an incorrect retirement plan.

Petitioner's reliance on Spiller is similarly unavailing. Although the Court in Spiller made clear that "retirement benefits are more than a gratuity to be granted or withheld arbitrarily," this conclusion does not prevent an employer from transferring a member from an incorrect retirement plan. Spiller, 627 A.2d at 517. Transferring an employee to the retirement plan mandated by state law cannot be construed as withholding retirement benefits "arbitrarily."

The petitioner contends that section 17154(9) demonstrates the legislature's intent to ensure that the costs of mistakenly placing employees in the wrong plan would be born by the party responsible for making the error, in this case the MSRS. See 5 M.R.S. § 17154(9); (Pet. Br. at 12.) While this provision certainly shifts to the employer additional actuarial and administrative costs resulting from the "improper application of retirement system statutes," it does not prevent the MSRS from making corrections to comply with state law. The statute appears to contemplate such corrections being made, and merely dictates the allocation of the resulting costs.

"Game Warden Special Plan"

The petitioner's argument that the Board's decision must be remanded for clarification is without merit. Specifically, the petitioner asserts that the Board mistakenly uses the designation "Game Warden Special Plan" to refer to both a 20-year plan with no age restrictions and a 25-year plan with no age restrictions. (Pet. Br. at 5.)

7

Although the Board's use of the same designation in referencing different plans may be confusing, the decision does make clear in each instance, either by describing the plan or through statutory reference, which plan the Board is referring to. Remanding the decision for clarification is unnecessary.

Equitable Claims

The Hearing Officer and the Board concluded that the Board did not have the authority to address the petitioner's equitable arguments.[9] (R. at 17.7, 23.2, 23.5.) Both were correct. See Berry v. Bd. of Trs., Maine State Ret. Sys., 663 A.2d 14, 19 (Me. 1995).

The entry is

The Decision of the Maine State Retirement System is AFFIRMED.

Date: October 9, 2008

Nancy Mills
Justice, Superior Court

---

[9] The petitioner's equitable claims will be addressed during the trial of his independent claims. (Compl. ¶¶ 41-48). The order specifying the future course of proceedings provides that "the legal validity of the Board's finding that it was precluded from entertaining equitable factors/claims in the context of evaluating Mr. Bates' petition" will be addressed in the Rule 80C proceeding.

```
MILTON D BATES  - PLAINTIFF                              SUPERIOR COURT
P.O. BOX 330                                            KENNEBEC, ss.
ASHLAND ME 04732                                        Docket No  AUGSC-CV-2007-00292
Attorney for: MILTON D BATES
ADAM S TAYLOR  - RETAINED 10/16/2007
TAYLOR MCCORMACK & FRAME LLC                            DOCKET  RECORD
4 MILK ST., SUITE 103
PORTLAND ME 04101


vs
BOARD OF TRUSTEE MAINE STATE RETIREMENT - DEFENDANT
46 STATE HOUSE STATION,
AUGUSTA ME 04333
Attorney for: BOARD OF TRUSTEE MAINE STATE RETIREMENT
CHRISTOPHER MANN  - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006


GAIL DRAKE, EXECUTIVE DIRECTOR  - DEFENDANT
,
Attorney for: GAIL DRAKE, EXECUTIVE DIRECTOR
CHRISTOPHER MANN  - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006


INLAND FISHERIES AND WILDLIFE - DEFENDANT
41 STATE HOUSE STATION,
AUGUSTA ME 04333
Attorney for: INLAND FISHERIES AND WILDLIFE
CHRISTOPHER MANN  - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006
```

Filing Document: COMPLAINT                    Minor Case Type: OTHER EQUITABLE RELIEF
Filing Date: 10/16/2007

## Docket Events:

10/16/2007 FILING DOCUMENT - COMPLAINT FILED ON 10/16/2007

10/16/2007 Party(s):  MILTON D BATES
           ATTORNEY - RETAINED ENTERED ON 10/16/2007
           Plaintiff's Attorney: ADAM S TAYLOR

10/16/2007 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 10/16/2007
           Plaintiff's Attorney:  ADAM S TAYLOR
           MAILED TO ATTY. OF RECORD.

11/02/2007 Party(s):  INLAND FISHERIES AND WILDLIFE

SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 10/23/2007
ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON INLAND FISHERIES.

11/02/2007 Party(s):  BOARD OF TRUSTEE MAINE STATE RETIREMENT
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 10/23/2007
ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON MAINE STATE RETIREMENT

11/02/2007 Party(s):  BOARD OF TRUSTEE MAINE STATE RETIREMENT
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 10/23/2007
BOARD OF TRUSTEES MAINE STATE RETIREMENT.

11/13/2007 OTHER FILING - OTHER DOCUMENT FILED ON 11/09/2007
CERTIFIED COPY OF ADMINISTRATIVE RECORD FROM MAINE POUBLIC EMPLOYEES RETIREMENT SYSTEM
OUT IN VAULT.

11/13/2007 Party(s):  BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
FISHERIES AND WILDLIFE
MOTION - MOTION TO DISMISS FILED ON 11/13/2007
Defendant's Attorney: CHRISTOPHER MANN
WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING

11/13/2007 Party(s):  BOARD OF TRUSTEE MAINE STATE RETIREMENT
ATTORNEY - RETAINED ENTERED ON 11/13/2007
Defendant's Attorney: CHRISTOPHER MANN

Party(s):  GAIL DRAKE, EXECUTIVE DIRECTOR
ATTORNEY - RETAINED ENTERED ON 11/13/2007
Defendant's Attorney: CHRISTOPHER MANN

Party(s):  INLAND FISHERIES AND WILDLIFE
ATTORNEY - RETAINED ENTERED ON 11/13/2007
Defendant's Attorney: CHRISTOPHER MANN

11/20/2007 Party(s):  MILTON D BATES
MOTION - OTHER MOTION FILED ON 11/19/2007
Plaintiff's Attorney:  ADAM S TAYLOR
MOTION TO SPECIFY FUTURE COURSE OF PROCEEDINGS

11/27/2007 Party(s):  BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
FISHERIES AND WILDLIFE
MOTION - MOTION TO STRIKE FILED ON 11/27/2007
Defendant's Attorney: CHRISTOPHER MANN
TO SPECIFY FUTURE COURSE OF PROCEEDINGS AND MEMORANDUM IN OPPOSITION.

12/06/2007 Party(s):  MILTON D BATES
OTHER FILING - OPPOSING MEMORANDUM FILED ON 12/04/2007
Plaintiff's Attorney:  ADAM S TAYLOR
PLAINTIFF'S OPPOSITION MEMORANDUM TO MOTION TO DISMISS INDEPENDENT CLAIMS AND MISJOINED
PARTIES.

12/07/2007 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 12/07/2007
NANCY  MILLS , JUSTICE

12/11/2007 Party(s): BOARD OF TRUSTEE MAINE STATE RETIREMENT
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 11/20/2007
          SERVED UPON STATE OF MAINE

12/11/2007 Party(s): BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
                    FISHERIES AND WILDLIFE
          OTHER FILING - REPLY MEMORANDUM FILED ON 12/10/2007
          Defendant's Attorney: CHRISTOPHER MANN
          DEFTS' REPLY (TO PETITIONER'S MOTION IN OPPOSITION TO RESPONDENTS' MOTION TO DISMISS)

12/13/2007 Party(s): MILTON D BATES
          OTHER FILING - OPPOSING MEMORANDUM FILED ON 12/12/2007
          Plaintiff's Attorney: ADAM S TAYLOR
          PLTF'S OPPOSITION TO MOTION TO DISMISS MOTION TO SPECIFY FUTURE COURSE OF PROCEEDINGS

01/17/2008 Party(s): BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
                    FISHERIES AND WILDLIFE
          MOTION - MOTION TO DISMISS GRANTED ON 01/15/2008
          KARYN  SCOVILL , ASSISTANT CLERK
          COPY TO PARTIES/COUNSEL                                      INDEPENDENT
          CLAIMS IN COUNTS I AND II ARE DISMISSED.

01/17/2008 Party(s): MILTON D BATES
          MOTION - OTHER MOTION GRANTED ON 01/16/2008
          NANCY  MILLS , JUSTICE
          MOTION TO SPECIFY FUTURE COURSE OF PROCEEDINGS                COPY TO
          PARTIES/COUNSEL

01/17/2008 Party(s): BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
                    FISHERIES AND WILDLIFE
          MOTION - MOTION TO STRIKE DENIED ON 01/15/2008
          NANCY  MILLS , JUSTICE
          COPY TO PARTIES/COUNSEL

02/12/2008 Party(s): BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
                    FISHERIES AND WILDLIFE
          RESPONSIVE PLEADING - ANSWER FILED ON 02/01/2008
          Defendant's Attorney: CHRISTOPHER MANN

02/26/2008 Party(s): MILTON D BATES
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/21/2008
          Plaintiff's Attorney: ADAM S TAYLOR
          PLTF'S INTERROGATORIES PROPOUNDED TO DEFT BOARD OF TRUSTEES ME STATE RETIREMENT SYSTEM;
          PLTF'S REQUEST FOR ADMISSIONS TO DEFT BOARD OF TRUSTEES ME STATE RETIREMENT SYSTEM, SERVED
          ON C. MANN, AAG ON 02/20/08.

03/03/2008 Party(s): MILTON D BATES
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/03/2008
          Plaintiff's Attorney: ADAM S TAYLOR
          PLT'S NOTICES OF DEPOSITIONS OF NANCY AMES, JANET SILVA AND DEANNA DOYLE   SERVED ON ATTY
          MANN ON 2/29/08.

03/11/2008 OTHER FILING - OTHER DOCUMENT FILED ON 03/11/2008

NOTICE AND BRIEFING SCHEDULE SENT TO ATTORNEYS OF RECORD.

03/18/2008 Party(s): MILTON D BATES
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/17/2008
Plaintiff's Attorney: CHRISTOPHER MANN
OBJECTION TO PLT'S NOTICES OF DEPOSITION OF NANCY AMES, JANET SILVA AND    DEANNA DOYLE
SERVED ON ATTY TAYLOR ON 3/3/08.

03/21/2008 Party(s): BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
                FISHERIES AND WILDLIFE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/21/2008
Defendant's Attorney: CHRISTOPHER MANN
RESPONDENT BOARD OF TRUSTEES RESPONSE TO PETITIONERS INTERROGATORIES; RESPONDENT BOARD OF
TRUSTEES MAINE STATE RETIREMENT SYSTEM'S RESPONSE TO PETITIONER'S REQUEST FOR ADMISSIONS,
SERVED ON A. TAYLOR, ESQ. ON 03/20/08.

03/21/2008 Party(s): BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
                FISHERIES AND WILDLIFE
MOTION - OTHER MOTION FILED ON 03/19/2008
Defendant's Attorney: CHRISTOPHER MANN
RESPONDENTS' MOTION FOR TRIAL BY COURT INSTEAD OF BY JURY AND INCORPORATED MEMORANDUM OF
LAW.  PROPOSED ORDER.

03/28/2008 Party(s): MILTON D BATES
JURY FILING - DEMAND FOR JURY TRIAL FILED ON 03/28/2008
Plaintiff's Attorney: ADAM S TAYLOR
PETITIONER'S DEMAND FOR JURY TRIAL

04/11/2008 Party(s): MILTON D BATES
OTHER FILING - OPPOSING MEMORANDUM FILED ON 04/04/2008
Plaintiff's Attorney: ADAM S TAYLOR
PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION FOR TRIAL BY COURT INSTEA OF BY JURY

04/11/2008 Party(s): BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
                FISHERIES AND WILDLIFE
OTHER FILING - REPLY MEMORANDUM FILED ON 04/08/2008
Defendant's Attorney: CHRISTOPHER MANN
RESPONDENTS' REPLY TO PETITIONER'S OPPOSITION TO MOTION FOR TRIAL BY COURT INSTEAD OF BY
JURY.

04/22/2008 Party(s): MILTON D BATES
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/22/2008
Plaintiff's Attorney: CHRISTOPHER MANN
SUPPLEMENTAL RESPONDENT BOARD OF TRUSTEES MSRS RESPONSE TO PETITIONER'S REQUEST FOR
ADMISSIONS SERVED ON ATTY TAYLOR ON 4/17/08.

05/01/2008 Party(s): BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
                FISHERIES AND WILDLIFE
MOTION - OTHER MOTION GRANTED ON 05/01/2008
NANCY  MILLS , JUSTICE
GRANTED AS TO COUNT III                                              COPY MAILED TO
ATTY TAYLOR AND AAG MANN

05/01/2008 Party(s):  BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
                      FISHERIES AND WILDLIFE
           MOTION - OTHER MOTION DENIED ON 05/01/2008
           NANCY  MILLS , JUSTICE
           DENIED AS TO COUNT V                                              COPY MAILED TO
           ATTY TAYLOR AND AAG MANN

05/07/2008 Party(s):  MILTON D BATES
           OTHER FILING - TRIAL BRIEF FILED ON 04/18/2008
           Plaintiff's Attorney:  ADAM S TAYLOR
           PETITIONER'S BRIEF

05/07/2008 Party(s):  BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
                      FISHERIES AND WILDLIFE
           OTHER FILING - TRIAL BRIEF FILED ON 05/05/2008
           Defendant's Attorney: CHRISTOPHER MANN
           RESPONDENTS' 80C BRIEF

05/15/2008 Party(s):  MILTON D BATES
           OTHER FILING - TRIAL BRIEF FILED ON 05/15/2008
           Plaintiff's Attorney:  ADAM S TAYLOR
           PETITIONER'S REPLY MRCIVP 80C

10/07/2008 HEARING - OTHER HEARING SCHEDULED FOR 10/09/2008 @ 7:45  in Room No.  1
           PHONE CONFERENCE PER J. MILLS' REQUEST

10/10/2008 Party(s):  BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
                      FISHERIES AND WILDLIFE
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/06/2008
           Defendant's Attorney: CHRISTOPHER MANN
           DEFTS' NOTCE OF DEPOSITION OF MILTON BATES, SERVED ON A. TAYLOR, ESQ. ON 10/3/08.

10/15/2008 HEARING - OTHER HEARING HELD ON 10/09/2008
           NANCY  MILLS , JUSTICE
           Defendant's Attorney: CHRISTOPHER MANN
           Plaintiff's Attorney:  ADAM S TAYLOR          Reporter: JANETTE COOK
           EXPLAINED MY HUSBAND ON LABOR COMMITTEE AND HE AND ANOTHER MEMBER WROTE THE 1998 SPECIAL
           RET. PLAN. DECISION WAS ESSENTIALLY DONE WHEN I LEARNED THIS.  WILL NOT AFFECT MY ABILITY
           TO CONTINUE WITH CASE.  ATTY TAYLOR AUTHORIZED TO SAY I CAN CONTINUE ON CASE.  NO
           OBJECTION FROM EITHER ATTY.

10/15/2008 ORDER - COURT ORDER ENTERED ON 10/09/2008
           NANCY  MILLS , JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  THE DECISION OF
           THE MAINE STATE RETIREMENT SYSTEM IS AFFIRMED.          COPY TO ATTY TAYLOR AND AAG
           MANN

10/15/2008 ORDER - COURT ORDER COPY TO REPOSITORIES ON 10/15/2008

A TRUE COPY
ATTEST: _____
                    Clerk

Printed on: 10/15/2008

A TRUE COPY
ATTEST: _____
                    Clerk

STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss.                           CIVIL ACTION
                                        Docket No. CV-07-292
                                        /·     ·· / / ·   ·/· ·· ·7

MILTON D. BATES

            Petitioner

v.                                      DECISION AND ORDER

THE BOARD OF TRUSTEES,
MAINE STATE RETIREMENT SYSTEM,[1]

and

GAIL DRAKE WRIGHT, EXECUTIVE
DIRECTOR OF THE MAINE STATE
RETIREMENT SYSTEM,

and

THE MAINE DEPARTMENT OF INLAND
FISHERIES AND WILDLIFE

            Respondents


        This matter comes before the court on the respondents Maine State Retirement

System (System), Gail Drake Wright, Executive Director of the MSRS (Wright) and the

Maine Department of Inland Fisheries and Wildlife (IF&W)'s motion for summary

judgment.

FACTS[2]

---

[1] Now known as the "Maine Public Employees Retirement System." See 5 M.R.S. § 17101(2) (2007).

[2] Petitioner denies many of respondents' statements of material fact, generally on the grounds of admissibility, see M.R. Evid. 201, and improper foundation regarding the use of an expert witness. However, most of the facts to which petitioner objects were taken directly from the petitioner's own complaint. See Dyer v. Dep't of Transp., 2008 ME 106, ¶ 12, 15, 951 A.2d 821, 825-26 (noting party's failure to properly respond to the opposing party's statement of material facts where party objected to "matters taken directly from their complaint to provide background for the motions"). Accordingly, despite petitioner's objections, the court will accept many of these facts for purposes of summary judgment. See Union Mut. Fire Ins. Co. v. Inhabitants of the Town of Topsham, 441 A.2d 1012, 1016-17(Me. 1982) (under M.R. Evid. 201, a court·may take judicial notice of a fact that can be accurately and

On 10/23/07, petitioner filed a five-count complaint against respondents, which included the following:

I. 42 U.S.C. § 1983
II. Declaratory Judgment
III. Estoppel/Breach of Trust
IV. M.R. Civ. P. 80C review
V. Breach of Contract

Counts I and II were dismissed on 1/16/08. By order dated 10/9/08, the court (*Mills, J.*) affirmed a decision by the System denying the petitioner's request to include his Department of Conservation (DOC) service with his IF&W service in calculating his service retirement benefits (Count IV). Accordingly, the respondents' motion for summary judgment addresses only counts III and V.

The relevant facts for purposes of summary judgment are as follows: The System is the state agency that administers defined retirement benefits for state agencies, including the IF&W. (Pl.'s SAMF ¶ 1.) The System directs state employees requesting information about their state retirement benefits to one of three Retirement Benefits Specialists employed by the System to support state employees in their retirement matters. (Pl.'s SAMF ¶ 2.) Nancy Ames was the Employee Benefits Specialist responsible for supporting the State of Maine's agency, judicial, and legislative employees, as well as the Governor, in their retirement benefits matters from 1985-2003. (Pl.'s SAMF ¶ 4.)

Petitioner began working for the State of Maine in December 1979, as a highway maintenance worker in the Department of Transportation (DOT). (Pl.'s SAMF ¶ 6.) In April 1982, he began working as a forest ranger in the DOC. (Pl.'s SAMF ¶ 7.) In

---

readily determined, including the prior pleadings filed in the same court in an action related to the cause pending before the court).

2

September 1995, he began working as a game warden in the IF&W, a position he retains today. (Pl.'s SAMF ¶ 8.)

During his DOT employment, petitioner earned two years, three months, and 22 days of service credit as a member of a regular or "general" retirement plan. (Pl.'s SAMF ¶¶ 9, 10.) Upon beginning employment with the DOC, petitioner entered a "special" retirement plan (DOC Special Plan). (Pl.'s SAMF ¶ 11.) Petitioner earned thirteen years, five months, and eighteen days of service credit during his employment with the DOC. (Id.)

Prior to accepting a conditional offer to hire from the IF&W, petitioner contacted the System for information about the impact a job change would have on his retirement benefits. (Pl.'s SAMF ¶ 17.) Petitioner sought information regarding what retirement plan he would be placed in upon transfer and whether he would receive credit for the years of service he accumulated as a forest ranger with the DOC.[3] (Pl.'s SAMF ¶ 14.) Petitioner alleges[4] that Nancy Ames told him that all of his prior service as a forest ranger would apply under the new plan, which was a "Game Warden Special Plan," and which allowed retirement after 20 years of service, regardless of age. (Resp't SMF ¶ 2); see 5 M.R.S. § 17851(5). Following petitioner's phone conversation with Nancy Ames, petitioner made his decision to accept employment with the IF&W. (Resp't SMF ¶ 6.) Respondents concede that it was reasonable for the petitioner to rely upon the information about retirement plans and creditable service provided by Nancy Ames. (Pl.'s SAMF ¶ 26.)

When petitioner began working at the IF&W in September 1995, he was placed in the "Game Warden Special Plan," and the IF&W deducted amounts from petitioner's

---

[3] Petitioner was aware of other wardens that were allowed to aggregate creditable time as a forest ranger with creditable time as a game warden with the IF&W. (Pl.'s SAMF ¶ 16.)

[4] Respondents accept many of petitioner's allegations for purposes of the motion for summary judgment.

3

paycheck pursuant to this plan. (Pl.'s SAMF ¶¶ 29, 30.) In 1999, the petitioner was reassigned, over his objections, to the "1998 Special Retirement Plan," see 5 M.R.S. § 17851-A(1)(B), after it had been determined that petitioner had been wrongly placed in the "Game Warden Special Plan." (Pl.'s SAMF ¶¶ 32-36.)

Petitioner contends that the respondents breached a binding promise to him by removing him from the Game Warden Special Plan. Petitioner's claims are premised upon theories of breach of contract (Count V) and estoppel[5] (Count III).

## STANDARD OF REVIEW

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); see also Levine v. R.B.K. Caly Corp., 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." Parrish v. Wright, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." Burdzel v. Sobus, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." Curtis v. Porter, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. A party wishing to avoid summary judgment must present a prima facie case for the claim or defense that is asserted. Reliance Nat'l Indem. v. Knowles Indus. Servs., Corp., 2005 ME 29, ¶ 9, 868 A.2d 220, 224-25. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." Lightfoot v. Sch. Admin. Dist. No. 35, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

## DISCUSSION

---

[5] Specifically, petitioner argues that respondents should be estopped from claiming that the petitioner is not eligible to enroll in the Game Warden Special Plan or to otherwise receive credit under any "special plan" for his years of service as a forest ranger. (Pet'r Opp'n Br. at 2.)

4

Respondents argue that Nancy Ames had no authority to execute a contract[6] for employment with IF&W or for any particular retirement plan, and could not bind the System, the State of Maine, IF&W or Wright in any manner. See 72 AM. JUR. 2D *States, Territories, and Dependencies* § 72 (officers who execute contracts on behalf of the state "must act within the scope of their authority . . . [and] a state is not bound by the unauthorized contracts of its officers"); Commodities Recovery Corp. v. United States, 34 Fed. Cl. 282, 290 (Fed. Cl. 1995) ("a contract entered into without authority is void, even if the federal official or agent is unaware of the limitation on his/her authority"); Alexandropoulos v. New Hampshire, 174 A.2d 417, 418 (N.H. 1961).

Although respondents have offered no Law Court case applying this rule in a case concerning a contract with the State, the principle has been relied upon in cases involving municipal corporations. See, e.g., Sirois v. Frenchville, 441 A.2d 291, 294 (Me. 1982) ("All persons contracting with town or city officers must take notice at their peril of the extent of the authority of such officers."); State v. Franklin, 489 A.2d 525, 528 (Me. 1985) ("If the property owners in a community are to be charged with an obligation, the authority of the person acting for the Town must be established.").

The petitioner has not offered, and the court is not aware of, a principled reason why this same rule should not be applied to a state agency. Nancy Ames had no authority to bind the System, the IF&W or Wright in any contract or agreement. Only the Board of Trustees and the executive director of the System are, and at all pertinent times were, authorized to execute contracts for personal services on behalf of the System. See 5 M.R.S. § 17103(6). While petitioner asserts that the System was acting as

---

[6] Petitioner alleges that the contract at issue "was for Warden Bates to be enrolled in the Game Warden Special Plan upon accepting an offer of employment with IF&W and to be credited under that plan with the years of service he had with the Department of Conservation." (See Pl.'s SAMF ¶ 22; Pl.'s Opp'n Br. at 4.) Respondents accept petitioner's characterization of the contract, for purposes of summary judgment. (Resp't R. Br. at 2-3.)

5

an agent for the IF&W and that Nancy Ames' actions, as an employee of the System, were binding on the IF&W, the record contains no evidence that creates an issue of material fact regarding either an express, implied, or apparent agency relationship between the System and IF&W. See State v. Prior, 662 A.2d 225, 227 (Me. 1995). Accordingly, no binding or enforceable contract exists.

Petitioner argues that, even if Nancy Ames did not have authority, the System should be equitably estopped from asserting its agent is without authority. To prevail in their equitable estoppel claim, the plaintiff must establish that: (1) the statements or conduct of the System official induced the plaintiffs to act; (2) the reliance was detrimental; and (3) the reliance was reasonable. Tarason v. Town of S. Berwick, 2005 ME 30, ¶ 15, 868 A.2d 230, 234; Kittery Retail Ventures, LLC v. Town of Kittery, 2004 ME 65, ¶ 34, 856 A.2d 1183, 1194; see also Maine Sch. Admin. Dist. No. 15 v. Raynolds, 413 A.2d 523, 533 (Me. 1980) ("equitable estoppel may be applied to activities of a governmental official or agency in the discharge of governmental functions").

As an initial matter, it is unclear whether estoppel can be applied where no authority exists. See, e.g., Peoples Heritage Bank v. Saco, 566 A.2d 745, 746 (Me. 1989) ("Bank's estoppel and ratification arguments must fail if the City was not authorized to execute the original guaranty."). Nevertheless, notwithstanding any merit to petitioner's estoppel claim, to estop the System from denying petitioner entry in the plan he desires or otherwise crediting petitioner for his forest ranger service in a manner contrary to that provided by statute would be mandating that the System provide a benefit to petitioner that violates state law.[7] See, e.g., Thurber v. W. Conference of Teamsters Pension Plan, 542 F.2d 1106, 1109 (9th Cir. 1976) (where

---

[7] In 2002, by legislative enactment, petitioner became covered by a special retirement plan that required all service earned as a game warden to be included in the plan. 5 M.R.S. § 17851(5-C). All service credit under this plan must be earned in the capacity of a game warden. Id. § 17856.

6

employee made supplemental payment to pension plan at direction of plan administrator to qualify for early retirement benefits, but where such payment was not authorized by law, estoppel could "not be invoked to compel an illegal act," specifically, the payment of benefits in violation of federal labor law); Atria Assoc. v. County of Nassau, 181 A.D.2d 847, 850 (N.Y. App. Div. 1992) ("estoppel cannot be utilized to enforce a municipal contract that violates express statutory provisions"). Because the remedy petitioner seeks is unavailable, the petitioner cannot prevail on his claim.

Because the court finds in favor of the respondents on this issue, the respondents' alternative arguments as to why summary judgment should be granted in their favor— including the statute of frauds, and sovereign immunity—need not be addressed.

The entry is

> The Respondent's Motion for Summary Judgment as to Counts III and V is GRANTED. Judgment is entered in favor of the Respondents as to Counts III and V.

Date: July 6, 2009

_____
Justice Joseph Jabar

**Attorney for Petitioner**
Adam S. Taylor, Bar #: 9078
Taylor, McCormack & Frame, LLC
4 Milk Street
Portland, ME 04101

7

**Attorneys for Respondents**
Christopher L. Mann, Asst. Atty. Gen., Bar #: 7283
Office of Attorney General
6 State House Station
Augusta, Maine 04333

MILTON D BATES  - PLAINTIFF
P.O. BOX 330
ASHLAND ME 04732
Attorney for: MILTON D BATES
ADAM S TAYLOR  - RETAINED 10/16/2007
TAYLOR MCCORMACK & FRAME LLC
4 MILK ST., SUITE 103
PORTLAND ME 04101

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2007-00292

**DOCKET RECORD**

vs
BOARD OF TRUSTEE MAINE STATE RETIREMENT - DEFENDANT
46 STATE HOUSE STATION,
AUGUSTA ME 04333
Attorney for: BOARD OF TRUSTEE MAINE STATE RETIREMENT
CHRISTOPHER MANN  - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006


GAIL DRAKE, EXECUTIVE DIRECTOR  - DEFENDANT
,
Attorney for: GAIL DRAKE, EXECUTIVE DIRECTOR
CHRISTOPHER MANN  - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006


INLAND FISHERIES AND WILDLIFE - DEFENDANT
41 STATE HOUSE STATION,
AUGUSTA ME 04333
Attorney for: INLAND FISHERIES AND WILDLIFE
CHRISTOPHER MANN  - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006


Filing Document: COMPLAINT                    Minor Case Type: OTHER EQUITABLE RELIEF
Filing Date: 10/16/2007

## Docket Events:
10/16/2007 FILING DOCUMENT - COMPLAINT FILED ON 10/16/2007

10/16/2007 Party(s):  MILTON D BATES
          ATTORNEY - RETAINED ENTERED ON 10/16/2007
          Plaintiff's Attorney: ADAM S TAYLOR

10/16/2007 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 10/16/2007
          Plaintiff's Attorney:  ADAM S TAYLOR
          MAILED TO ATTY. OF RECORD.

11/02/2007 Party(s):  INLAND FISHERIES AND WILDLIFE

SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 10/23/2007
ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON INLAND FISHERIES.

11/02/2007 Party(s):  BOARD OF TRUSTEE MAINE STATE RETIREMENT
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 10/23/2007
ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON MAINE STATE RETIREMENT

11/02/2007 Party(s):  BOARD OF TRUSTEE MAINE STATE RETIREMENT
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 10/23/2007
BOARD OF TRUSTEES MAINE STATE RETIREMENT.

11/13/2007 OTHER FILING - OTHER DOCUMENT FILED ON 11/09/2007
CERTIFIED COPY OF ADMINISTRATIVE RECORD FROM MAINE POUBLIC EMPLOYEES RETIREMENT SYSTEM
OUT IN VAULT.

11/13/2007 Party(s):  BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
FISHERIES AND WILDLIFE
MOTION - MOTION TO DISMISS FILED ON 11/13/2007
Defendant's Attorney: CHRISTOPHER MANN
WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING

11/13/2007 Party(s):  BOARD OF TRUSTEE MAINE STATE RETIREMENT
ATTORNEY - RETAINED ENTERED ON 11/13/2007
Defendant's Attorney: CHRISTOPHER MANN

Party(s):  GAIL DRAKE, EXECUTIVE DIRECTOR
ATTORNEY - RETAINED ENTERED ON 11/13/2007
Defendant's Attorney: CHRISTOPHER MANN

Party(s):  INLAND FISHERIES AND WILDLIFE
ATTORNEY - RETAINED ENTERED ON 11/13/2007
Defendant's Attorney: CHRISTOPHER MANN

11/20/2007 Party(s):  MILTON D BATES
MOTION - OTHER MOTION FILED ON 11/19/2007
Plaintiff's Attorney:  ADAM S TAYLOR
MOTION TO SPECIFY FUTURE COURSE OF PROCEEDINGS

11/27/2007 Party(s):  BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
FISHERIES AND WILDLIFE
MOTION - MOTION TO STRIKE FILED ON 11/27/2007
Defendant's Attorney: CHRISTOPHER MANN
TO SPECIFY FUTURE COURSE OF PROCEEDINGS AND MEMORANDUM IN OPPOSITION.

12/06/2007 Party(s):  MILTON D BATES
OTHER FILING - OPPOSING MEMORANDUM FILED ON 12/04/2007
Plaintiff's Attorney:  ADAM S TAYLOR
PLAINTIFF'S OPPOSITION MEMORANDUM TO MOTION TO DISMISS INDEPENDENT CLAIMS AND MISJOINED
PARTIES.

12/07/2007 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 12/07/2007
NANCY  MILLS , JUSTICE

12/11/2007 Party(s): BOARD OF TRUSTEE MAINE STATE RETIREMENT
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 11/20/2007
SERVED UPON STATE OF MAINE

12/11/2007 Party(s): BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
FISHERIES AND WILDLIFE
OTHER FILING - REPLY MEMORANDUM FILED ON 12/10/2007
Defendant's Attorney: CHRISTOPHER MANN
DEFTS' REPLY (TO PETITIONER'S MOTION IN OPPOSITION TO RESPONDENTS' MOTION TO DISMISS)

12/13/2007 Party(s): MILTON D BATES
OTHER FILING - OPPOSING MEMORANDUM FILED ON 12/12/2007
Plaintiff's Attorney: ADAM S TAYLOR
PLTF'S OPPOSITION TO MOTION TO DISMISS MOTION TO SPECIFY FUTURE COURSE OF PROCEEDINGS

01/17/2008 Party(s): BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
FISHERIES AND WILDLIFE
MOTION - MOTION TO DISMISS GRANTED ON 01/15/2008
KARYN SCOVILL , ASSISTANT CLERK
COPY TO PARTIES/COUNSEL                                           INDEPENDENT
CLAIMS IN COUNTS I AND II ARE DISMISSED.

01/17/2008 Party(s): MILTON D BATES
MOTION - OTHER MOTION GRANTED ON 01/16/2008
NANCY MILLS , JUSTICE
MOTION TO SPECIFY FUTURE COURSE OF PROCEEDINGS                    COPY TO
PARTIES/COUNSEL

01/17/2008 Party(s): BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
FISHERIES AND WILDLIFE
MOTION - MOTION TO STRIKE DENIED ON 01/15/2008
NANCY MILLS , JUSTICE
COPY TO PARTIES/COUNSEL

02/12/2008 Party(s): BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
FISHERIES AND WILDLIFE
RESPONSIVE PLEADING - ANSWER FILED ON 02/01/2008
Defendant's Attorney: CHRISTOPHER MANN

02/26/2008 Party(s): MILTON D BATES
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/21/2008
Plaintiff's Attorney: ADAM S TAYLOR
PLTF'S INTERROGATORIES PROPOUNDED TO DEFT BOARD OF TRUSTEES ME STATE RETIREMENT SYSTEM;
PLTF'S REQUEST FOR ADMISSIONS TO DEFT BOARD OF TRUSTEES ME STATE RETIREMENT SYSTEM, SERVED
ON C. MANN, AAG ON 02/20/08.

03/03/2008 Party(s): MILTON D BATES
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/03/2008
Plaintiff's Attorney: ADAM S TAYLOR
PLT'S NOTICES OF DEPOSITIONS OF NANCY AMES, JANET SILVA AND DEANNA DOYLE   SERVED ON ATTY
MANN ON 2/29/08.

03/11/2008 OTHER FILING - OTHER DOCUMENT FILED ON 03/11/2008

NOTICE AND BRIEFING SCHEDULE SENT TO ATTORNEYS OF RECORD.

03/18/2008 Party(s): MILTON D BATES
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/17/2008
Plaintiff's Attorney: CHRISTOPHER MANN
OBJECTION TO PLT'S NOTICES OF DEPOSITION OF NANCY AMES, JANET SILVA AND    DEANNA DOYLE
SERVED ON ATTY TAYLOR ON 3/3/08.


03/21/2008 Party(s): BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
              FISHERIES AND WILDLIFE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/21/2008
Defendant's Attorney: CHRISTOPHER MANN
RESPONDENT BOARD OF TRUSTEES RESPONSE TO PETITIONERS INTERROGATORIES; RESPONDENT BOARD OF
TRUSTEES MAINE STATE RETIREMENT SYSTEM'S RESPONSE TO PETITIONER'S REQUEST FOR ADMISSIONS,
SERVED ON A. TAYLOR, ESQ. ON 03/20/08.


03/21/2008 Party(s): BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
              FISHERIES AND WILDLIFE
MOTION - OTHER MOTION FILED ON 03/19/2008
Defendant's Attorney: CHRISTOPHER MANN
RESPONDENTS' MOTION FOR TRIAL BY COURT INSTEAD OF BY JURY AND INCORPORATED MEMORANDUM OF
LAW.  PROPOSED ORDER.


03/28/2008 Party(s): MILTON D BATES
JURY FILING - DEMAND FOR JURY TRIAL FILED ON 03/28/2008
Plaintiff's Attorney: ADAM S TAYLOR
PETITIONER'S DEMAND FOR JURY TRIAL


04/11/2008 Party(s): MILTON D BATES
OTHER FILING - OPPOSING MEMORANDUM FILED ON 04/04/2008
Plaintiff's Attorney: ADAM S TAYLOR
PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION FOR TRIAL BY COURT INSTEA OF BY JURY


04/11/2008 Party(s): BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
              FISHERIES AND WILDLIFE
OTHER FILING - REPLY MEMORANDUM FILED ON 04/08/2008
Defendant's Attorney: CHRISTOPHER MANN
RESPONDENTS' REPLY TO PETITIONER'S OPPOSITION TO MOTION FOR TRIAL BY COURT INSTEAD OF BY
JURY.


04/22/2008 Party(s): MILTON D BATES
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/22/2008
Plaintiff's Attorney: CHRISTOPHER MANN
SUPPLEMENTAL RESPONDENT BOARD OF TRUSTEES MSRS RESPONSE TO PETITIONER'S REQUEST FOR
ADMISSIONS SERVED ON ATTY TAYLOR ON 4/17/08.


05/01/2008 Party(s): BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
              FISHERIES AND WILDLIFE
MOTION - OTHER MOTION GRANTED ON 05/01/2008
NANCY  MILLS , JUSTICE
GRANTED AS TO COUNT III                                              COPY MAILED TO
ATTY TAYLOR AND AAG MANN

05/01/2008 Party(s):  BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
                      FISHERIES AND WILDLIFE
          MOTION - OTHER MOTION DENIED ON 05/01/2008
          NANCY  MILLS , JUSTICE
          DENIED AS TO COUNT V                                          COPY MAILED TO
          ATTY TAYLOR AND AAG MANN

05/07/2008 Party(s):  MILTON D BATES
          OTHER FILING - TRIAL BRIEF FILED ON 04/18/2008
          Plaintiff's Attorney:  ADAM S TAYLOR
          PETITIONER'S BRIEF

05/07/2008 Party(s):  BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
                      FISHERIES AND WILDLIFE
          OTHER FILING - TRIAL BRIEF FILED ON 05/05/2008
          Defendant's Attorney: CHRISTOPHER MANN
          RESPONDENTS' 80C BRIEF

05/15/2008 Party(s):  MILTON D BATES
          OTHER FILING - TRIAL BRIEF FILED ON 05/15/2008
          Plaintiff's Attorney:  ADAM S TAYLOR
          PETITIONER'S REPLY MRCIVP 80C

10/07/2008 HEARING - OTHER HEARING SCHEDULED FOR 10/09/2008 @ 7:45  in Room No.  1
          PHONE CONFERENCE PER J. MILLS' REQUEST

10/10/2008 Party(s):  BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
                      FISHERIES AND WILDLIFE
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/06/2008
          Defendant's Attorney: CHRISTOPHER MANN
          DEFTS' NOTCE OF DEPOSITION OF MILTON BATES, SERVED ON A. TAYLOR, ESQ. ON 10/3/08.

10/15/2008 HEARING - OTHER HEARING HELD ON 10/09/2008
          NANCY  MILLS , JUSTICE
          Defendant's Attorney: CHRISTOPHER MANN
          Plaintiff's Attorney:  ADAM S TAYLOR          Reporter: JANETTE COOK
          EXPLAINED MY HUSBAND ON LABOR COMMITTEE AND HE AND ANOTHER MEMBER WROTE THE 1998 SPECIAL
          RET. PLAN. DECISION WAS ESSENTIALLY DONE WHEN I LEARNED THIS.   WILL NOT AFFECT MY ABILITY
          TO CONTINUE WITH CASE.  ATTY TAYLOR AUTHORIZED TO SAY I CAN CONTINUE ON CASE.  NO
          OBJECTION FROM EITHER ATTY.

10/15/2008 ORDER - COURT ORDER ENTERED ON 10/09/2008
          NANCY  MILLS , JUSTICE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  THE DECISION OF
          THE MAINE STATE RETIREMENT SYSTEM IS AFFIRMED.          COPY TO ATTY TAYLOR AND AAG
          MANN

10/15/2008 ORDER - COURT ORDER COPY TO REPOSITORIES ON 10/15/2008

10/28/2008 Party(s):  BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
                      FISHERIES AND WILDLIFE
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/28/2008
          Plaintiff's Attorney:  CHRISTOPHER MANN

DEFTS' NOTICE OF DEPOSITION OF MILTON D. BATES, SERVED ON A. TAYLOR, ESQ. ON 10/27/08.

11/06/2008 Party(s): BOARD OF TRUSTEE MAINE STATE RETIREMENT, GAIL DRAKE, EXECUTIVE DIRECTOR, INLAND FISHERIES AND WILDLIFE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/31/2008
Defendant's Attorney: CHRISTOPHER MANN
AMENDED DEFTS' NOTICE OF DEPOSITION OF MILTON D. BATES, SERVED ON A. TAYLOR, ESQ. ON 10/27/08.

11/19/2008 Party(s): MILTON D BATES
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/13/2008
Plaintiff's Attorney: ADAM S TAYLOR
PLAINTIFF'S NOTICE OF DEPOSITION, DUCES TECUM, OF DEFENDANT, MAINE STATE RETIREMENT SYSTEM AND PLAINTIFF'S CERTIFIED QUESTIONS PROPOUNDED TO GAIL DRAKE WRIGHT SERVED ON CHRISTOPHER L MANN AAG ON 11/11/08.

11/24/2008 Party(s): MILTON D BATES
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/24/2008
Plaintiff's Attorney: ADAM S TAYLOR
PLTF'S EXPERT DESIGNATION, SERVED ON C. MANN, AAG ON 11/21/08.

11/26/2008 Party(s): BOARD OF TRUSTEE MAINE STATE RETIREMENT, GAIL DRAKE, EXECUTIVE DIRECTOR, INLAND FISHERIES AND WILDLIFE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/26/2008
Defendant's Attorney: CHRISTOPHER MANN
RESPONDENT'S OPPOSITION TO 30(B)(6) DEPOSITION, SERVED ON A. TAYLOR, ESQ. ON 11/24/08.

12/06/2008 Party(s): BOARD OF TRUSTEE MAINE STATE RETIREMENT, GAIL DRAKE, EXECUTIVE DIRECTOR, INLAND FISHERIES AND WILDLIFE
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 12/01/2008
Defendant's Attorney: CHRISTOPHER MANN
MOTION TO EXTEND DEADLINE TO FILE FOR S.J., PROPOSED ORDER.

12/11/2008 Party(s): MILTON D BATES
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 12/05/2008
Plaintiff's Attorney: ADAM S TAYLOR
PLTF'S AMENDED NOTICE OF DEPOSITION, DUCES TECUM, OF DEFT MSRS, SERVED ON C. MANN, AAG ON 12/04/08.

12/17/2008 Party(s): BOARD OF TRUSTEE MAINE STATE RETIREMENT, GAIL DRAKE, EXECUTIVE DIRECTOR, INLAND FISHERIES AND WILDLIFE
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 12/15/2008
NANCY MILLS , JUSTICE
DEADLINE TO SUBMIT MOTION FOR S.J. EXTENDED FOR 60 DAYS FROM THE ORIGINAL DEADLINE OF 12/8/08.

12/17/2008 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 11/23/2008

12/30/2008 TRIAL - TRAILING LIST SCHEDULED FOR 12/30/2008
FEBRUARY 3 TO MARCH 27, 2009

01/13/2009 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 01/08/2009
Plaintiff's Attorney: ADAM S TAYLOR

1 DAY

01/13/2009 Party(s):  BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
                      FISHERIES AND WILDLIFE
           MOTION - MOTION TO CONTINUE FILED ON 01/13/2009
           Defendant's Attorney: CHRISTOPHER MANN
           RESPONDENTS'

01/29/2009 TRIAL - TRAILING LIST NOT HELD ON 01/29/2008
           TO BE REASSIGNED

01/30/2009 Party(s):  BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
                      FISHERIES AND WILDLIFE
           MOTION - MOTION SUMMARY JUDGMENT FILED WITH AFFIDAVIT ON 01/28/2009
           Defendant's Attorney: CHRISTOPHER MANN
           RESPONDENTS' MOTION FOR S.J., STATEMENT OF MATERIAL FACTS, AFFIDAVIT OF JOHN C. MILAZZO,
           PROPOSED ORDER, DEPOSITION TRANSCRIPT OF MILTON BATES (11/18/08).

02/04/2009 ASSIGNMENT - SINGLE JUDGE/JUSTICE RECUSED ON 02/04/2009
           NANCY  MILLS , JUSTICE

02/04/2009 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 02/04/2009
           JOSEPH M JABAR , JUSTICE

02/19/2009 Party(s):  MILTON D BATES
           OTHER FILING - OPPOSING MEMORANDUM FILED ON 02/19/2009
           Plaintiff's Attorney:  ADAM S TAYLOR
           TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

02/24/2009 Party(s):  BOARD OF TRUSTEE MAINE STATE RETIREMENT
           OTHER FILING - AFFIDAVIT FILED ON 02/23/2009
           S/NANCY AMES

02/27/2009 HEARING - MOTION TO DISMISS SCHEDULED FOR 04/22/2009 @ 11:00  in Room No.  2
           MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

03/03/2009 HEARING - MOTION TO DISMISS NOTICE SENT ON 03/03/2009

04/24/2009 HEARING - MOTION TO DISMISS HELD ON 04/22/2009
           Defendant's Attorney: CHRISTOPHER MANN
           Plaintiff's Attorney:  ADAM S TAYLOR

05/04/2009 Party(s):  BOARD OF TRUSTEE MAINE STATE RETIREMENT,GAIL DRAKE, EXECUTIVE DIRECTOR,INLAND
                      FISHERIES AND WILDLIFE
           MOTION - MOTION SUMMARY JUDGMENT UNDER ADVISEMENT ON 04/22/2009
           JOSEPH M JABAR , JUSTICE

07/07/2009 FINDING - JUDGMENT DETERMINATION ENTERED ON 07/06/2009
           JOSEPH M JABAR , JUSTICE
           THE RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AS TO COUNTS III AND V IS GRANTED. JUDGMENT
           IS ENTERED IN FAVOR OF THE RESPONDENTS AS TO COUNTS III AND V
                                        COPIES TO ATTYS. OF RECORD.

07/07/2009 ORDER - SUMMARY JUDGMENT ENTERED ON 07/06/2009
JOSEPH M JABAR , JUSTICE
THE RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AS TO COUNTS III AND V IS GRANTED. JUDGMENT
IS ENTERED IN FAVOR OF THE RESPONDENTS AS TO COUNTS III AND V
                                        COPIES TO ATTYS. OF RECORD.
                          COPIES TO REPOSITORIES
Judgment entered for BOARD OF TRUSTEE MAINE STATE RETIREMENT and against MILTON D BATES.
Judgment entered for GAIL DRAKE, EXECUTIVE DIRECTOR and against MILTON D BATES.


07/07/2009 FINDING - FINAL JUDGMENT CASE CLOSED ON 07/07/2009


A TRUE COPY
ATTEST:  _____
                    Clerk